FILED
United States Court of Appeals
Tenth Circuit

November 9, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAFDAR NEIL LILAK,

Defendant - Appellant.

No. 17-1259
(D.C. Nos. 1:17-CV-01119-WYD &
1:12-CR-00454-WYD-1)
(D. Colo.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

---

Petitioner Safdar Lilak, appearing pro se, requests a certificate of appealability

(COA) in order to appeal the district court's denial of his motion to vacate his sentence

pursuant to 28 U.S.C. § 2255.  Because we conclude that Lilak has failed to demonstrate

entitlement to a COA, we deny his request for a COA and dismiss this matter.

I

On November 5, 2012, a federal grand jury returned an indictment charging Lilak

with twenty-three counts of wire fraud (Counts 1 through 23), in violation of 18 U.S.C.

§ 1343, and three counts of making false statements (Counts 24 through 26), in violation

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

of 18 U.S.C. § 1001(a)(3). The charges all stemmed from Lilak, who had been properly determined to be eligible for disability benefits from the Social Security Administration (SSA), falsely representing to the SSA that his two minor children lived with and were cared for by him and, thus, that they were also entitled to SSA benefits.

On January 17, 2013, Lilak and the government entered into a written plea agreement, pursuant to which Lilak agreed to plead guilty to one count of making false statements to the government (specifically Count 25) and the government in turn agreed to dismiss the remaining counts of the indictment. Lilak also agreed that he owed restitution in the amount of $70,375.00 to the SSA and that his sentence should include an order requiring that he make such restitution. The plea agreement included a waiver provision that prohibited Lilak from filing a direct appeal or a collateral attack, including a motion brought under 28 U.S.C. § 2255, except under a very narrow set of circumstances.

The district court accepted the plea and sentenced Lilak to a term of imprisonment of twelve months, to be followed by a three-year term of supervised release. The district court also, as anticipated by the plea agreement, ordered Lilak to pay restitution to the SSA in the amount of $70,375.00. Judgment in the case was entered on June 18, 2013. Lilak did not file a direct appeal.

On May 5, 2017, Lilak filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion alleged, in pertinent part, that Lilak was "challenging the sentence and imprisonment for 18 U.S.C. §1001 - False statement."

Dist. Ct. Docket No. 56 at 12. The motion also alleged that Lilak was coerced into pleading guilty and was seeking to reopen his case. Id. Lastly, the motion suggested that Lilak's disability payments were being improperly withheld by the SSA, in whole or in part, as a result of his conviction.

Lilak filed a second pro se § 2255 motion on May 26, 2017, and a third pro se § 2255 motion on June 7, 2017. Both of these motions essentially duplicated the allegations contained in his first § 2255 motion.

On June 13, 2017, the district court issued an order denying all three motions. In doing so, the district court concluded that, even assuming for purposes of argument that the motions were not barred by the waiver provision contained in Lilak's plea agreement or procedurally barred due to his failure to file a direct appeal, the motions were untimely under 28 U.S.C. § 2255(f). More specifically, the district court stated:

> Mr. Lilak's conviction became final in 2013 when the time to file a direct appeal expired. He does not contend that he was prevented by unconstitutional government action from filing the § 2255 motions sooner, he is not relying on a newly recognized and retroactive Supreme Court decision, and it is apparent that he could have discovered the facts supporting his claims before his conviction was final. See 28 U.S.C. § 2255(f)(2)–(4). Therefore, the § 2255 motions are time-barred in the absence of some reason to toll the one-year limitation period.

Dist. Ct. Docket No. 62 at 3-4. The district court in turn "f[ound] no basis for an equitable exception to the one-year limitation period." Id. at 5.

To the extent that Lilak was seeking to assert any civil claims against the SSA or

its representatives, the district court concluded that it "lack[ed] jurisdiction to consider those claims in this criminal case." Id. at 5-6. Consequently, it ordered that "such claims [we]re DISMISSED WITHOUT PREJUDICE as outside of this Court's criminal jurisdiction." Id. at 7.

Finally, the district court ordered "that no certificate of appealability w[ould] issue because . . . Lilak" had failed to "ma[k]e a substantial showing of the denial of a constitutional right." Id.

Judgment in the case was entered on June 13, 2017. Lilak filed a notice of appeal on July 25, 2017.

II

Lilak now seeks a COA from this court in order to appeal the district court's order denying his § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Moreover, where, as here, a district court dismisses a § 2255 motion on procedural grounds, the petitioner must demonstrate, with respect to the procedural ruling, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

-4-

After examining Lilak's application for COA and the record on appeal, we conclude that he has failed to establish his entitlement to a COA. Even assuming that Lilak's § 2255 motions stated a valid claim of the denial of a constitutional right, we conclude that jurists of reason would not find it debatable whether the district court was correct in concluding that the motions were untimely under § 2255(f). As the district court noted, Lilak's § 2255 motions were filed nearly four years after his conviction became final, well past the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1). Further, there is no apparent basis in the record for equitably tolling the limitations period.

## III.

Lilak's request for a COA is DENIED and this matter is DISMISSED. All pending motions are DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge